**United States District Court**
For the Northern District of California

1

2    EUNICE PARQUET,                      )
                                          )
3                        Plaintiff,       )
                                          )
4              v.                         )
                                          )    No. C—96-01855 DLJ
5    MICHAEL J. ASTRUE,                   )
      Commissioner, Social Security)
6                                         )    **ORDER**
                         Defendant.       )
7    _____)

8

9

10       On August 30, 2011, defendant filed a Motion to Dismiss and

11   Suggestion of Death on the Record.  Defendant informs the Court that

12   plaintiff is deceased and that there are no qualified survivors to

13   continue the suit.  Defendant therefore requests that the Court

14   dismiss the pending action.

15   I.   Background

16       According to Social Security Administration Records, Plaintiff

17

18   applied in 1987 for disability benefits.  Her original request was

19   denied.  Plaintiff filed a second application in 1990.  She received

20   a partially favorable decision in 1994 and began receiving benefits

21   then but she also sought review in the Federal Court.

22       On January 16, 1997, this Court granted the Commissioner's

23   request for remand, pursuant to sentence six of section 205(g) of

24   the Social Security Act, 42 U.S.C. § 405(g). On remand, in November

25   1997, Plaintiff again received a partially favorable decision.  See

26   Exhibit A ¶ 6, Declaration of William Zuroff. Plaintiff requested

27   review and had another hearing on August 3, 1998. On September 17,

28   1998, an ALJ issued a *res judicata* dismissal. See Exhibit A.

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Again according to Social Security records, plaintiff received Title 2 benefits until they were suspended in July, 2009.  Plaintiff died on July 11, 2009.  The Social Security Administration contends that plaintiff has no survivors entitled to her benefits and seeks an order of dismissal from this Court.

II. Discussion

In a sentence six remand case, the Court retains jurisdiction following the remand. See Melkonyan v. Sullivan, 501 U.S. 89 (1991); Carol v. Sullivan, 802 F.Supp 295, 300 (C.D.Cal. 1992)("[A] sentence six remand, because of clear language in the social security statute, implies and necessarily involves a reservation of the jurisdiction for the future and contemplates further proceedings in the district court and a final judgment at the conclusion thereof. A sentence six remand judgment. . . is therefore always interlocutory and never a 'final' judgment.")(paraphrasing and quoting from Melkonyan).

Normally, the parties would move the Court to reopen the case after completion of remand proceedings for the purpose of dismissal or entry of judgment. Here, however, because Plaintiff died before the Court was requested to resolve its sentence six jurisdiction, the Commissioner has requested that the Court reopen and immediately dismiss the action with prejudice, each party to bear its own fees, costs, and expenses.

There being nothing in the record to indicate that such

**United States District Court**
For the Northern District of California

1  dismissal is not warranted and no filings before this Court at any

2  time since 1999, good cause appearing, the Court HEREBY

3  ORDERS that this action be DISMISSED WITH PREJUDICE, each party to

4  bear its own fees, costs, and expenses.

5

6

7       IT IS SO ORDERED

8

9  Dated:     October   11, 2011      _____
                                       D. Lowell Jensen
10                                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3